TONI WHITE (SBN 210119)
PO Box 1068
Placerville, CA 95667
Tel:    (530) 885-6244

Attorney for defendant
DWIGHT HANEY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 2:21-CR-00104 TLN |
| Plaintiff, | REQUEST FOR RETURN OF PROPERTY (PASSPORT) |
| v. | |
| DWIGHT HANEY, | |
| Defendant. | |

On April 25, 2024, Mr. Haney was placed on one year of supervised release. (ECF No. 513.) Probation officer Lisa Hage indicated to the undersigned defense counsel that Mr. Haney's term of supervised release is set to expire on April 25, 2025. Mr. Haney initially surrendered his passport as a condition of his pretrial release. (ECF No. 33.) As Mr. Haney has fulfilled all of his obligations to the Court, is no longer on pretrial release and will complete his term of supervised release in the next two days, it is requested that his passport be returned to him. Both pretrial services and probation were notified of the request and neither had voiced any objection. The Government was notified of this request and did not respond. Their position remains unknown.

## I.

## UNDER FED.R.CRIM.P. 41(g), A DEFENDANT'S PROPERTY SHOULD BE RETURNED TO HIM AFTER SENTENCING UNLESS IT HAS EVIDENTIARY VALUE

Pursuant to Fed. R. Crim. P. 41(g), the defense moves the Court for an Order directing the Clerk of the Court to return the passport seized pursuant to his release conditions. (ECF No. 33.) After trial or a plea of guilty, a defendant is presumed to have a right to the return of their property:

> A person aggrieved ... by the deprivation of property may move for the property's return. Fed.R.Crim.P. 41(g). The burden of proof on a Rule 1(g) motion depends on when the defendant files the motion. 'When a motion for return of property is made before an indictment is filed (but a criminal investigation is pending), the movant bears the burden of proving both that the [property's] seizure was illegal and that he or she is entitled to lawful possession of the property.' [citations]
>
> But that burden of proof changes when "the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or ... the government has abandoned its investigation." *Id.* Then, the burden of proof shifts and the defendant 'is presumed to have a right to [the property's] return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property.' [citations]….
>
> a 'defendant's Rule 41(g) motion should presumptively be granted if the government no longer needs the property for evidence.' (internal quotation marks and citation omitted)).

*U.S. v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014); *Allen v. Grist Mill Cap. LLC*, 88 F.4th 383, 396 (2d Cir. 2023).

As Mr. Haney is moving for the return of his passport subsequent to sentencing, and his passport was not surrendered due to its evidentiary value, there is no legal basis to continue to deprive him of it.

## **CONCLUSION**

For the above reasons, Mr. Haney requests that the Court order the Office of the Clerk to return his passport forthwith.

Dated: May 15, 2025                                        /S/ TONI WHITE

Toni White
Attorney for Defendant
Dwight Haney

**O R D E R**

THE CLERK OF THE COURT IS HEREBY ORDERED TO RETURN DWIGHT HANEY'S PASSPORT FORTHWITH. Ordered this  15th     day of   May  , 2025.

*[signature: Chi Soo Kim]*
_____

HON. CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE